E-FILED
Wednesday, 05 March, 2025  02:22:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL HENDRICKS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-3290 |
| | ) | |
| BRUCE KETTLEKAMP, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and detained at the Livingston County Jail, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a federal pretrial detainee at the Christian County Jail ("Jail") between April 22, 2022, and March 18, 2024. (Doc. 10). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**ALLEGATIONS**

Plaintiff names Christian County Sheriff Bruce Kettlekamp, Jail Superintendent Cecil Polley, U.S. Marshal John or Jane Doe, and the John/Jane Doe Christian County Board members as Defendants.

1

Plaintiff alleges he was not allowed outside except to attend medical appointments or court hearings while he was a federal pretrial detainee at the Jail between April 22, 2022, and March 18, 2024. Plaintiff alleges the lack of outdoor recreation time and fresh air caused severe muscle pain, "the feeling of pins and needles," and several MRSA outbreaks, which left scars. (Doc. 10 at pp. 4-5). Plaintiff attributes these symptoms to a vitamin D deficiency.

Plaintiff claims that Defendant Sheriff Kettlekamp was responsible for creating the policy to accept federal pretrial detainees at the Jail, even though the Jail did not offer outdoor recreation. Plaintiff alleges that Defendant Jail Superintendent Polley knew inmates need exercise, fresh air, and sunshine, but Polley disregarded Plaintiff's grievances. Plaintiff alleges that the John or Jane Doe U.S. Marshal who placed him at the Jail knew the Jail did not have outdoor recreation. Finally, Plaintiff claims that the John and Jane Doe members of the Christian County Board acted with reckless disregard to his health by allowing federal pretrial detainees to be accepted at the Jail despite knowing the Jail did not allow outdoor exercise.

## ANALYSIS

In his Amended Complaint, Plaintiff now clarifies that he was a federal pretrial detainee during his stay at the Jail from April 22, 2022, through March 18, 2024. As a pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is 'not rationally related to a legitimate governmental objective or…excessive in relation to that

purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Lack of exercise may rise to the level of a constitutional violation, "[w]here movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligation is compromised." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985); *see also Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988) ("Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation."). For example, in *Preston v. Thompson,* 589 F.2d 300 (7th Cir. 1978), the Seventh Circuit found a constitutional violation where prisoners were never allowed out of their cells to exercise. Even severe restrictions on outdoor exercise may not violate due process where the pretrial detainee has opportunities for indoor activities. *See e.g., Stewart v. McGinnis,* 800 F.Supp. 604, 616 (N.D. Ill. 1992), *aff'd,* 5 F.3d 1031 (7th Cir. 1993) (although inmates were not permitted to exercise outdoors during an 85–day lockdown period, they were able during the lockdown to leave their cells, to use the day room, to visit other cells and to go to the bathroom at any time, undercutting plaintiff's constitutional claim).

Plaintiff alleges that Defendant Sheriff Kettlecamp violated his constitutional rights by "making the policy, or not changing the policy, that accepts federal pretrial detainees at the Christian County Jail knowing the Christian County Jail did not have outdoor recreation." (Doc. 10 at p. 5). Plaintiff did not include any additional allegations to demonstrate that Defendant Kettlecamp was personally involved in denying Plaintiff outdoor exercise. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability

and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendant Kettlecamp cannot be liable based solely on his supervisory position as the Sheriff, because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of subordinates).

Plaintiff alleges that Defendant Jail Superintendent Polley knew inmates need exercise, fresh air, and sunshine but disregarded Plaintiff's grievances and failed to mitigate the risks posed by the lack of outdoor recreation. Defendant Polley cannot be held liable based solely on his involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates); *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012) (If there is "no personal involvement by the warden outside the grievance process," that is insufficient to state a claim.). Plaintiff does not allege what he complained about in his grievances or if he personally spoke to Defendant Polley about the lack of outdoor recreation time. Plaintiff's sparse allegations regarding Defendant Polley are insufficient to state a claim.

Plaintiff's allegations against U.S. Marshal John or Jane Doe are too vague to state a claim. To hold defendants liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of [his] rights." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional

deprivation occurs at his direction or with his knowledge and consent.'" *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). It is unclear how the U.S. Marshal who transported Plaintiff to the Jail was personally involved in denying Plaintiff outdoor recreation time.

Regarding the John and Jane Doe members of the Christian County Board, "[s]ection 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law. Local governing bodies—and the officers thereof, acting in their official capacities—do generally qualify as 'persons' under the statute. But that is not true when a local governing body acts solely as an extension of the State, because State governments and State officials are *not* 'persons' within the ambit of Section 1983. As a result, whether or not a plaintiff has stated a Section 1983 claim against a municipal entity typically hinges on the extent to which that municipal entity was independently responsible for the allegedly unconstitutional act." *Snyder v. King*, 745 F.3d 242, 246-47 (7th Cir. 2014) (internal citations omitted). Here, there is no causal link between any policy or custom that the Board created and Plaintiff's lack of outdoor exercise. *See Leahy v. Bd. of Trs.,* 912 F.2d 917, 922 (7th Cir. 1990) ("Proximate causation between the municipality's policy or custom and the plaintiff's injury must be present.").

Plaintiff's Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Out of an abundance of caution, Plaintiff will have a FINAL opportunity to file a Second Amended Complaint.  If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to**

**state a claim upon which relief may be granted. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Second Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed with prejudice.**

ENTERED:  3/5/2025

s/ James E. Shadid
James E. Shadid
United States District Judge