UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HENDRICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-3290 |
| | ) |
| BRUCE KETTLEKAMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Livingston County Jail, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a federal pretrial detainee at the Christian County Jail ("Jail") between April 22, 2022, and March 18, 2024. (Doc. 13). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff names Christian County Sheriff Bruce Kettlekamp, Jail Superintendent Cecil Polley, the United States Marshal Service, and Christian County as Defendants. Plaintiff does not name John or Jane Doe (U.S. Marshal Service) and John or Jane Does (All Members of the

1

Christian County Board) as Defendants in his Second Amended Complaint. Therefore, they are dismissed without prejudice.

Plaintiff alleges he was a federal pretrial detainee at the Jail from April 22, 2022, until March 18, 2024. Plaintiff alleges that Defendant U.S. Marshals Service "had [him] placed and held in the Christian County Jail" and knew the Jail did not offer outdoor exercise. (Doc. 13 at p. 3). Plaintiff alleges he was not permitted to go outside during this time except to attend medical appointments or court hearings. Plaintiff claims he was deprived of outdoor exercise, sunlight, and fresh air, which caused a vitamin D deficiency, severe pain in his thighs, "pins and needles feelings in his feet," and frequent MRSA infections. Plaintiff alleges the MRSA outbreaks caused fevers, stomach problems, and left scars on his face, legs, and chest. Plaintiff claims that since leaving the Jail, he has been able to get sunlight and fresh air and has not had MRSA outbreaks.

Plaintiff alleges he complained to Defendant Jail Superintendent Polley multiple times about the MRSA outbreaks and the pain in his legs and feet due to a lack of outdoor recreation. *Id.* at pp. 4-5. Plaintiff also alleges he had a conversation with Defendant Polley about having outdoor recreation, and Defendant stated the Jail did not have a place for outdoor recreation. Between December 2, 2022, and September 22, 2023, Plaintiff wrote general requests stating that other inmates who had been at the Jail for over six months had an outbreak of MRSA, and Defendant Polley answered the requests.

On January 10, 2023, Plaintiff sent Defendant Kettlekamp and Defendant Christian County a notarized letter requesting outdoor recreation. Plaintiff alleges Defendant Kettlekamp made the policy to accept federal detainees with the knowledge that the Jail had no outdoor exercise. He also claims that Defendant Kettlekamp disregarded his grievances, appeals, and his letter. Plaintiff

2

claims that Defendant Christian County knew the Jail did not offer outdoor exercise, disregarded his letter, and failed to take action to correct the issue.

On July 17, 2023, Plaintiff saw Nurse Kedra Sedlock regarding the pain in his legs. She allegedly told Plaintiff the pain was caused by a vitamin D deficiency and recommended that he "get moderate sunlight exposure each day." *Id.* at p. 5.

## ANALYSIS

Plaintiff is seeking damages for the harm he suffered as a result of being denied access to outdoor exercise for nearly two years. As a federal pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is 'not rationally related to a legitimate governmental objective or…excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Lack of exercise may rise to the level of a constitutional violation "[w]here movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligation is compromised." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985);

*see also Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988) ("Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (finding a viable claim where inmates were denied recreation for seven weeks).

Here, Plaintiff alleges he was not allowed outside for nearly two years except to attend medical appointments and court hearings. Plaintiff alleges he developed physical injuries, such as a vitamin D deficiency, pain in his legs and feet, and frequent MRSA outbreaks, which left lasting scars. Plaintiff alleges he complained to Defendant Jail Superintendent Polley multiple times that the lack of outdoor exercise caused MRSA outbreaks and pain in his legs and feet, but Defendant Polley allegedly did not take action. The Court concludes that Plaintiff has stated a Fourteenth Amendment conditions-of-confinement claim against Defendant Polley based on the lack of outdoor recreation time during his incarceration at the Jail between April 22, 2022, and March 18, 2024.

Plaintiff names Christian County Sheriff Kettlekamp in his official and individual capacities. Plaintiff alleges that Sheriff Kettlekamp "is legally responsible for creating policy and for the operation of the Christian County Jail." (Doc. 13 at p. 2). A policy may be examined for constitutional sufficiency whether it is an express written policy, an unofficial policy which arose by "custom or usage," or where the injury was caused by a person with final policy-making authority. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594-98 (7th Cir. 2003). To establish § 1983 liability against the Sheriff, Plaintiff must allege that a "deliberate action attributable to the [Sheriff] directly caused a deprivation of federal rights." *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002) (quoting *Frake v. City of Chicago,* 210 F.3d 779, 781 (7th Cir. 2000)). A county Sheriff will be liable for an unconstitutional policy or practice "if the Sheriff had notice of a substantial

risk of serious harm to [plaintiff] ... through the general conditions at the Jail, and he devised no policies or devised inadequate policies to attempt to prevent the assault, he would be 'deliberately indifferent' and [plaintiff] would prevail." *Butera*, 285 F.3d at 605.

Here, Plaintiff fails to plead that Sheriff Kettlekamp was aware that he was at substantial risk of serious harm. "To prevail on his claim, [plaintiff] must establish that [the] Sheriff actually knew…that there was a substantial risk of serious harm to [plaintiff]." *Palmer*, 327 F.3d at 594; *see also Butera*, 285 F.3d at 609 (dismissing claim where plaintiff failed to show that sheriff had actual notice of a substantial risk of harm). Defendant Kettlekamp is dismissed without prejudice for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff's allegations against U.S. Marshals Service are too vague to state a claim. To hold defendants liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of [his] rights." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). The U.S. Marshals Service is dismissed without prejudice for failure to state a claim for relief under Rule 12(b)(6) and § 1915A.

Finally, Plaintiff has not alleged that it was a policy, ordinance, regulation, practice, or custom for Christian County to deny outdoor recreation time to inmates in the Jail. In *Monnell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court permitted suits under § 1983 against municipalities. To state a claim against a municipality, a plaintiff must allege that his or her injury resulted from the execution of a government policy or custom. *Id.* at 694. A § 1983 plaintiff cannot rely on a *respondent superior* theory to state a claim. *Id.* at 691. Plaintiff does not allege that a Christian County policy or custom caused his injuries.

Christian County is dismissed without prejudice for failure to state a claim for relief under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1. According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has stated a Fourteenth Amendment conditions-of-confinement claim against Defendant Cecil Polley based on the lack of outdoor exercise during his detention at the Christian County Jail between April 22, 2022, and March 18, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Defendants Bruce Kettlekamp, United States Marshals Service, Christian County, John or Jane Doe (U.S. Marshal Service), and John or Jane Does (All Members of the Christian County Board) are DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Bruce Kettlekamp, John or Jane Doe, and John or Jane Does.

3. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals

Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned

unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. Plaintiff shall be provided a copy of all pertinent medical records upon request.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/27/2025

s/ James E. Shadid  
James E. Shadid  
United States District Judge
